IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KELSEY RICHARDSON<br>216 Beck Road<br>Avon Lake, Ohio 44012<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GE HEALTHCARE INC.<br>25800 Science Park Drive<br>Beachwood, Ohio 44122<br><br>　　　　　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br><br><br>**(JURY DEMAND ENDORSED HEREIN)** |

Plaintiff, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## INTRODUCTION

1. Plaintiff Kelsey Richardson is a resident of the city of Avon Lake, county of Lorain, and state of Ohio.

2. Richardson is an "employee" within the meaning of Ohio Rev. Code § 4112.01.

3. Defendant GE Healthcare Inc. ("GEHC") is a foreign corporation with a place of business at 25800 Science Park Drive, Beachwood, Ohio 44122.

4. At all times material herein, GEHC was Richardson's "employer" within the meaning of Ohio Rev. Code § 4112.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Richardson is alleging federal law claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 (1990).*et seq.*

1

6. All material events alleged in this Complaint occurred in Milwaukee, Wisconsin.

7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Western Division, because Defendant's contacts in Cuyahoga County are sufficient to subject it to personal jurisdiction in this District.

8. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2025-03164, which was dual filed with the Ohio Civil Rights Commission ("OCRC").

9. On January 28, 2026, Plaintiff received a Right to Sue letter, dismissing Charge No. 532-2025-03164, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

10. Plaintiff has properly exhausted her administrative remedies.

11. Plaintiff files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

## FACTUAL ALLEGATIONS

12. Richardson incorporates by reference the allegations from the preceding paragraphs as if fully realleged herein.

13. Richardson was hired by MIM Software on or about June 20, 2022.

14. On or about April 1, 2024, MIM Software was acquired by GE.

15. On or about, April 6th, 2025, Richardson was flown to Milwaukee, Wisconsin to attend GEHC HealthCare's Personnel Relations Leadership (PRL) Training at the Grand Geneva Resort & Spa.

16. Richardson was told by GEHC leadership that this training would be beneficial for her to attend, as well as an opportunity to meet other GEHC employees.

17. Prior to attending the PRL training, Richardson was told that an agenda would not be given in advance, and the only insight she received was that she would be unable to make/receive calls on Monday, April 7th, during the training.

18. When Richardson arrived at the Grand Geneva on April 6th there was a case study with wage and additional information in her room. Richardson reviewed the case study that night in anticipation of going over it during training the following day.

19. On the morning of the training, the 40 participants were split into four groups. Richardson's group of 10 employees was led to an empty room at the resort with 10 chairs arranged around the perimeter of the room in a circle, with a moderator's desk in the corner.

20. The participants in the PRL training were told their phones could not be out, they would be spending the next several hours in this room, and Richardson believed they would be reviewing the case study that she had received the night before.

21. Prior to beginning the training, the room moderator stated the participants in the PRL training were not to call 911 for any reason, and asked Richardson's group to let the moderator know if anyone had any medical conditions.

22. Richardson had no choice but to disclose her disability, and discreetly wrote on a piece of paper that she has PTSD due to a suicide and shared some common triggers such as police, 911 phone calls, and death.

23. Richardson walked her folded paper up to the front of the room and handed it to the moderator, disclosing her disability. Richardson witnessed the room moderator showing her note to the room assistant. The moderator and room assistant did nothing further.

24. The PRL training started with a startling pounding on the door. A group of masked men and women with hats and sunglasses stormed into the room, each immediately singling out an individual and getting in their faces. A very tall and intimidating masked man approached Richardson while she was seated and hovered inappropriately close over her, intentionally attempting to make Richardson extremely uncomfortable.

25. Richardson asked the man to "please step back as he was making [her] very uncomfortable", and a male colleague had to speak up for Richardson and ask the assailant to back up because Richardson was visibly uncomfortable.

26. The PRL training inevitably caused Richardson to have a panic attack and complete emotional breakdown.

27. Richardson had to grab her things and quickly exit the room onto the patio because she was sobbing uncontrollably and unable to catch her breath.

28. One of the training actors came out shortly after Richardson's panic attack, apologized, and acknowledged that she should have told Richardson about the training.

29. The following PRL training scenarios were less violent and intimidating, and the moderator was able to give Richardson advance warning in every scenario, so Richardson was able to fully engage as best she could in the remainder of the training with that accommodation.

30. The PRL training caused Richardson severe emotional distress.

## COUNT I: FAILURE TO ACCOMODATE IN VIOLATION OF THE ADA AND OHIO REV. CODE § 4112.02

31. Richardson realleges all prior paragraphs of this Complaint.

32. Richardson was a disabled individual, pursuant to the ADA Ohio Rev. Code § 4112.

33. Richardson disclosed her disability and GEHC refused to accommodate her disability.

4

34. GE's refusal to provide Richardson with an accommodation was a violation of the ADA Ohio Rev. Code § 4112.

35. As a result of Defendant's unlawful acts, Richardson has suffered and will continue to suffer damages.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. GEHC intended to cause Richardson serious emotional distress, or should have known that their actions would result in serious emotional distress to Richardson.

37. GE's inclusion of Richardson in PRL training without an accommodation, after Richardson disclosed her disability, was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

38. GE's conduct was the proximate cause of Richardson's serious emotional distress.

39. The mental anguish suffered by Richardson is serious and of a nature that no reasonable person could be expected to endure it.

## CONCLUSION

Plaintiff Kelsey Richardson seeks judgment against each Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to, back pay, future losses, reinstatement and promotion.

        Respectfully Submitted,

        /s/ *Claire I. Wade*
        Claire I. Wade (0093174)
        Sobel, Wade & Mapley, LLC
        65 Erieview Plaza, Suite 610
        Cleveland, Ohio 44114
        T: (216) 223-7213
        F: (216) 223-7213
        wade@swmlawfirm.com

        *Attorney for Plaintiff Kelsey Richardson*

## **JURY DEMAND**

Plaintiff Kelsey Richardson demands a trial by jury by the maximum number of jurors permitted.

>                                /s/ *Claire I. Wade*
>                                Claire I. Wade (0093174)
>
>                                *Attorney for Plaintiff Kelsey Richardson*